UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAHUL DEV MANCHANDA,

                Plaintiff,

-against-

ATTORNEY GRIEVANCE COMMITTEE 1ST DEPARTMENT; NYS SUPREME COURT APPELLATE DIVISION 1ST DEPARTMENT,

                Defendants.

25-CV-3935 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On February 5, 2024, Plaintiff Rahul Manchanda was "enjoined from filing any action in the United States District Court for the Southern District of New York without first obtaining leave of . . . court." *Manchanda v. Walsh*, ECF 1:23-CV-7637, 56 (S.D.N.Y. Feb. 5, 2024), *appeal dismissed*, No. 24-395 (2d Cir. Sept. 25, 2024) ("[T]he appeal is dismissed because it 'lacks an arguable basis either in law or in fact.'") (citation omitted). Specifically,

> in order to obtain leave of the court to file a new action or remove a case from state court, Rahul Manchanda must: (1) file with the proposed complaint or notice of removal a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File"; (2) attach as an exhibit a copy of this injunction as well as the accompanying Memorandum and Order; (3) attach either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new claim never before raised by him in any court; (4) identify by listing the full caption of every suit he has previously brought in any New York state or federal court against any defendant to the suit he wishes to file or remove; and (5) provide a copy of each such complaint and a certified record of its disposition;

*Id.* at 2. The February 5, 2024 order notified Plaintiff that "[f]ailure to comply with the requirements set forth above will be grounds for summary dismissal of the proposed action." *Id.*

      Plaintiff files this new action, in which he paid the $405.00 in fees.[1] He does not,

---

[1] Plaintiff filed this action in the United States District Court for the Northern District of New York. That court transferred the action here on May 12, 2025. (*See* ECF 5) ("As the Court has determined that this matter was filed in the incorrect district, it is ordered that this action is

however, comply with the February 5, 2024 order by satisfying the five requirements set forth above. The Court therefore dismisses the action without prejudice for Plaintiff's failure to comply with the February 5, 2024 order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: May 16, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

hereby transferred to the Southern District of New York.").