UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHUL DEV MANCHANDA,
                         Plaintiff,

            -v-

ATTORNEY GRIEVANCE
COMMITTEE 1ST DEP'T, et al.,
                         Defendants.

25-CV-3935 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Rahul Dev Manchanda seeks leave to file yet another action challenging his disbarment from the New York bar. (ECF No. 1 ("Compl.") at 8-9.) Manchanda is subject to a filing injunction in this District, *see Manchanda v. Walsh*, No. 23-CV-7637, 2024 WL 455204, at *8 (S.D.N.Y. Feb. 5, 2024), so he must first comply with the procedural requirements issued by Judge Buchwald to proceed with this action. Because Manchanda has failed to abide by the terms of Judge Buchwald's injunction, because this Court lacks subject matter jurisdiction to relitigate Manchanda's grievances, and because Manchanda's purported new claims have no valid legal basis, the Court declines to re-open this case or grant leave to Manchanda to pursue yet another vexatious action against the same Defendants over the same issue.

    First, even beyond the violations of the filing injunction Manchanda now purports to "cure" (*see* ECF Nos. 29, 30, 33, 34, 35), Manchanda has also violated Judge Buchwald's command that:

> prior to receiving permission from the Court, Rahul Manchanda shall not serve any documents or motions. Failure to comply with the requirements set forth above will be grounds for summary dismissal of the proposed action. Unless and until leave from the Court is obtained, any document or motion served by Rahul Manchanda is a separately sanctionable nullity and no party need file a response thereto . . . .

(No. 23-CV-7637, ECF No. 56 at 2-3.) Although this case was transferred to the Southern District of New York on May 12, 2025 (ECF No. 7), Manchanda conceded in writing that he was aware that the filing injunction applied in this District (ECF No. 11 at 1), and he still purported to serve Defendants, through counsel, with a letter on May 15, 2025 (ECF No. 12). Subsequently, on June 3, 2025, Manchanda filed on the docket a document entitled "Proof of Service," indicating that he purportedly served the Attorney Grievance Committee, First Judicial Department ("AGC"), and the New York Supreme Court, First Department. (ECF No. 28.) Both actions violated Judge Buchwald's express prohibition on service of "any document or motion" without permission of the court. (No. 23-CV-7637, ECF No. 56 at 2.) These grounds alone warrant summary dismissal of this action. (*Id.*)

Second, to the extent that Manchanda is asking the Court to review and overturn the decision of the AGC and the appellate state court that reviewed the AGC's decision, the Court lacks the subject matter jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84-85 (2d. Cir. 2005) ("*Rooker* and *Feldman* thus established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."). The First Department affirmed the AGC's decision to disbar Manchanda on the grounds that he used "unacceptably bigoted language in state and federal courts," "divulged privileged information when responding to clients' complaints about him online," and "repeatedly made meritless, frivolous, and vexatious arguments well beyond the point at which he should have known better," all in violation of the New York Rules of Professional Conduct. *Matter of Manchanda*, 222 N.Y.S.3d 42, 51 (2024), *appeal dismissed*, 43 N.Y.3d 950 (2025). And even though Manchanda now cites several executive orders and federal constitutional concerns that he did not raise in state court, "[j]ust

presenting in federal court a legal theory not raised in state court, however, cannot insulate a federal plaintiff's suit from *Rooker-Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed." *Hoblock*, 422 F.3d at 86.

Third, the "Five Presidential Executive Orders/Actions/Proclamations" that Manchanda now cites as new bases for his same claims (*see* Compl. at 1) do not contain private rights of action. "Generally, there is no private right of action to enforce obligations imposed on executive branch officials by executive orders." *Zhang v. Slattery*, 55 F.3d 732, 747 (2d Cir. 1995) (quotation marks omitted). Indeed, these executive orders all contain explicit language clarifying that they do not create a private right of action against the federal government.[1] And certainly there is no indication in a federal executive order directed at federal executive branch employees that a private citizen could enforce the order against state employees on a state agency board.

Finally, upon review of Manchanda's proposed complaint, it is clear that this lawsuit is yet another vexatious and frivolous filing that follows his pattern in this District and elsewhere. *See, e.g.*, *Walsh*, No. 2024 WL 455204, at *7-8; *Manchanda v. Reardon*, No. 23-CV-9292, 2024 WL 382116 (S.D.N.Y. Feb. 1, 2024), *appeal dismissed*, No. 24-392, 2024 WL 4196867 (2d Cir. Aug. 14, 2024), *cert. denied*, 145 S. Ct. 548 (2024); *Manchanda v. Att'y Grievance Comm. for*

---

[1] Exec. Order 14147, "Ending the Weaponization of the Federal Government" (Jan. 20, 2025) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."); Exec. Order 14148, "Initial Recissions of Harmful Executive Orders and Actions" (Jan. 20, 2025) (same); Exec. Order 14149, "Restoring Freedom of Speech and Ending Federal Censorship" (Jan. 20, 2025) (same); Exec. Order 14151, "Ending Racial and Wasteful Government DEI Programs and Preferencing" (Jan. 20, 2025) (same); Exec. Order 14202, "Eradicating Anti-Christian Bias" (Feb. 6, 2025) (same).

*First Jud. Dep't*, No. 23-CV-3356, 2023 WL 3091787 (S.D.N.Y. Apr. 26, 2023). Manchanda again rehashes the same grievances he has over his disbarment, and he again takes the opportunity to use offensive and pejorative terms to refer to those who have allegedly wronged him over the years—one of the practices for which he was disbarred in the first place. (*See, e.g.*, Compl. at 11, 17; ECF No. 39 at 2.) The Court declines to permit another frivolous action to continue in this District against the same individuals who Manchanda has continually harassed with such lawsuits over the past few years.

\* \* \*

For all of these reasons, this action is hereby DISMISSED with prejudice. This case is already closed, and it will remain closed. This is the final order in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 24, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge